UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUILLERMO SANTIAGO-SANJUAN,

Petitioner,

v. Case No.: 2:26-cv-02565-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.
______________________________/

**OPINION AND ORDER**

Before the Court are Guillermo Santiago-Sanjuan's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Santiago-Sanjuan's reply (Doc. 8).

Santiago-Sanjuan is a native of Mexico who entered the United States without inspection in 2017. He now lives in Florida with his wife and stepchildren. In 2025, Santiago-Sanjuan applied for asylum, withholding of removal, and relief under the Convention Against Torture. The application remains pending. Santiago-Sanjuan has a social security number, a valid Florida driver's license, and work authorization. He has no criminal record. On July 18, 2026, Immigration and Customs Enforcement (ICE) officers arrested Santiago-Sanjuan during a traffic stop and commenced removal

proceedings by issuing a notice to appear. He is currently detained at Glades County Detention Center.

Immigration Judge Frank Pimentel conducted a custody redetermination hearing on September 3, 2026, and denied bond with this order:

> Flight risk – Respondent entered without permission on an unknown date, which he alleges was in 2017. Only prospective relief is a late-filed (for asylum purposes) Form I-589 that he filed with USCIS in 2025, with an unknown alleged basis of relief. See Matter of A-L-S-.

(Doc. 3-1 at 12). In his habeas petition, Santiago-Sanjuan claims his detention violates the Due Process Clause of the Fifth Amendment because the bond hearing was fundamentally unfair. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). To the extent Santiago-Sanjuan asks the Court to reweigh evidence or otherwise review Judge Pimentel's exercise of discretion, the Court declines to do so. But Santiago-Sanjuan also raises a bona fide due process claim. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Santiago-Sanjuan's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must

address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v.*

*Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ign Iored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. The only evidence Judge Pimentel considered was a pending Form I-589 "with an unknown alleged basis of relief." (Doc. 3-1 at 12). In other words, Judge Pimentel did not consider the contents of the only evidence he relied on—just its existence.

Ironically, the single case cited in the bond order—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that Judge Pimentel's cursory and narrow consideration of the evidence was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms of relief meaningfully bear on the respondent's likelihood of attendance at future

proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798. Judge Pimentel did not consider the totality of the record here.

An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Santiago-Sanjuan's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Guillermo Santiago-Sanjuan's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Santiago-Sanjuan and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 6, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record